IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

Plaintiff,

v.

ALBERTO GONZALES, The U.S. Attorney,
HARLEY LAPPIN, Director of B.O.P.,
RON WILEY, ADX Warden, and
JOHN DOE, Unknown FBI Agent,

Defendants.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

On December 27, 2007, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915* [Doc. # 2]. Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. Harris v. Colorado Dept. of Corrections, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

In the Order granting plaintiff leave to proceed *in forma pauperis*, I found that the plaintiff was able to pay an initial partial filing fee of $206.00. In accordance with Section 1915, I directed the plaintiff that, after payment of his initial partial filing fee, he is required to make monthly

payments of 20% of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payments. I further directed the plaintiff that, in order to show cause, he must file a current certified copy of his trust fund account statement. I informed the plaintiff that, although he is proceeding *in forma pauperis*, he is required to pay the full amount of the $350.00 filing fee regardless of the outcome of this action. I cautioned the plaintiff that if he failed to submit the monthly payments or show cause as directed above, his Complaint would be dismissed without further notice.

The plaintiff timely paid his initial partial filing fee on February 4, 2008. On March 11, 2008, the plaintiff submitted a copy of his trust fund account which shows a balance of $547.61. Based on his income for the month of February, the plaintiff was required to pay the $109.00 balance remaining on his filing fee. The plaintiff has not submitted any payment to the Court.

The plaintiff must either make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient

2

income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis*.

IT IS ORDERED that on or before **April 18, 2008**, the plaintiff must either pay $109.00 into the court registry or show cause why he cannot.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

Dated March 28, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge