IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

Plaintiff,

v.

MICHAEL MUKASEY, The U.S. Attorney,
HARLEY LAPPIN, Director of B.O.P.,
RON WILEY, ADX Warden, and
JOHN DOE, Unknown FBI Agent,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the **Motion for Plaintiff's First Amended Complaint** [Doc. #52, filed 9/11/08] (the "Motion"). The plaintiff seeks leave to file an amended complaint, a copy of which he has attached to the Motion [Doc. 52-2] (the "Proposed Amended Complaint"). I respectfully RECOMMEND that the Motion be DENIED.

Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course if a responsive pleading has not been served. Fed.R.Civ.P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. at 15(a)(2).

A responsive pleading has not yet been served in this case.[1]  Therefore, the plaintiff may amend his pleading as a matter of course.  However, the plaintiff must comply with Rule 8, Fed.R.Civ.P., when amending his Complaint.

Rule 8 requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Rather than being concise and direct, the plaintiff's Proposed Amended Complaint is prolix and tedious.  The Proposed Amended Complaint is submitted on the standard Prisoner Complaint form.  The form requires the plaintiff to "BRIEFLY state the background of [his] case."  *Proposed Amended Complaint*, p. 6[2] (emphasis in original).  The plaintiff states the

---

[1] Defendants' partial motion to dismiss [Doc. #23] is not a responsive pleading.  Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985).

[2] The plaintiff does not consecutively number the pages of his proposed amended complaint.  Therefore, I cite to the page numbers as they appear in the Court's docketing system.

2

background of his case in 27 handwritten single-spaced pages. The background contains numerous allegations, many of them conclusory. None of the allegations specify which defendant participated in the alleged acts. Instead, the plaintiff consistently refers to the defendants collectively.

The Proposed Amended Complaint includes 12 additional handwritten single-spaced pages which state the plaintiff's seven claims. Each claim incorporates by reference all of the preceding pages. The allegations in each of the seven claims are vague and conclusory, thereby necessitating a dissection of the 27 background pages in order to attempt to discern which facts apply to which claim and which claim applies to which defendants. The Proposed Amended Complaint includes 164 paragraphs.

I am aware that the plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff's Proposed Amended Complaint utterly fails to comply with Rule 8. Accordingly,

I respectfully RECOMMEND that the Motion for Plaintiff's First Amended Complaint be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A

party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 28, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge