**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

    Plaintiff,

v.

MICHAEL MUKASEY, the United States Attorney General,
HARLEY LAPPIN, Director of BOP,
R. WILEY, ADX Warden, and
JOHN DOE, Unknown FBI Agents,

    Defendants.

## PROTECTIVE ORDER

    Defendants filed a Motion for Entry of Protective Order, requesting that the use of documents, materials and information produced to Plaintiff and/or generated in the course of this litigation be limited to this litigation, and that Plaintiff be precluded from disclosing all such documents and information to persons not parties to this litigation. Defendants believe the documents or information covered by this Protective Order may be protected by the Privacy Act; may contain information exempt pursuant to the Freedom of Information Act; or may contain sensitive information that could impact law enforcement or national or prison security. I find that good cause has been shown for the granting of this Protective Order. Accordingly, it is hereby

    ORDERED that

    1.    This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and any other information disclosed pursuant to the

disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Plaintiff shall not disclose to any other person the documents, materials, and information produced to Plaintiff and/or generated in the course of this litigation to any person not a party to this litigation. The use of such documents, materials and information shall be limited to this litigation.

4. Certain materials produced to Plaintiff and/or generated in the course of this litigation may implicate national security, prison security and safety and/or law enforcement techniques or investigations. Certain other materials may contain information that is exempt under the Freedom of Information Act or that is protected pursuant to the Privacy Act, 5 U.S.C. §552a. Defendants will mark all such documents and materials "confidential" pursuant to this Protective Order.

5. Plaintiff may, without violating the terms of this Protective Order, reference any necessary information contained in documents produced to Plaintiff and/or generated in the course of this litigation in pleadings filed with this Court. Materials marked "confidential" may be presented to the Court only under seal. If Plaintiff wishes to attach to a pleading materials marked "confidential" pursuant to this Protective Order, Plaintiff must submit the materials for filing under seal with the appropriate Motion to Seal pursuant to D.C.COLO.LCivR 7.2.

6. Plaintiff shall segregate all materials produced to Plaintiff in the course of this litigation. Personnel from the Federal Bureau of Prisons will assist Plaintiff in segregating these materials.

7. Within 30 days of the conclusion of this litigation, Plaintiff shall return all documents and materials, and all copies of such documents and materials, produced to Plaintiff pursuant to this Protective Order.

8. In addition, Plaintiff shall segregate all materials generated by Plaintiff during the course of this litigation that include information obtained from documents and materials produced to Plaintiff pursuant to this Protective Order.

9. Within 30 days of the conclusion of this litigation, Plaintiff shall destroy (or provide to Defendants) all of the segregated materials generated by Plaintiff that include information gathered from the documents and materials produced to Plaintiff pursuant to this Protective Order.

10. This Protective Order does not constitute a ruling on the question of whether a particular document or category of information is properly discoverable, nor does it constitute a ruling on any potential objection to the discoverability, relevance or admissibility of any record.

11. The terms and conditions set forth herein shall not apply to the disclosure of any information subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not serve as precedent for adopting any procedure with respect to the disclosure of any such information.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

Dated February 2, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge