IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

    Plaintiff,

v.

ERIC HOLDER, The U.S. Attorney General,[1]
HARLEY LAPPIN, Director of Federal Bureau of Prisons,
RON WILEY, ADX Warden,
HARRELL WATTS, Administrator of National Inmate Appeals, and
FEDERAL BUREAU OF INVESTIGATION,

    Defendants.

---

**OPINION AND ORDER REJECTING RECOMMENDATION, GRANTING LEAVE TO FILE AMENDED COMPLAINT, AND DENYING PARTIAL MOTION TO DISMISS AS MOOT**

---

**THIS MATTER** comes before the Court pursuant to Plaintiff Khalfan Khamis Mohammed's Objection **(#68)** to the October 28, 2008 Recommendation **(#67)** by the Magistrate Judge that Plaintiff's Motion for Leave **(#52)** be denied; Partial Motion to Dismiss By Official Capacity Defendants **(#23)**, Plaintiff's Response in Opposition **(#34)**, and Defendants' Reply to Response **(#43)**.

**I. Background**

Mr. Mohammed, a prisoner, filed *pro se* a Prisoner Complaint **(#3)** on December 27,

---

[1] Plaintiff named Alberto Gonzales in his original complaint **(#3)** and Michael Mukasey in his proposed amended complaint **(#52)** in their successive capacities as United States Attorney General. Mr. Holder is the current United States Attorney General, confirmed on February 2, 2009, and he is substituted in place of Mr. Gonzalez and Mr. Mukasey pursuant to Fed. R. Civ. P. 25(d).

2007, alleging that imposition of administrative restrictions on his incarceration violates his constitutional rights under the First, Fifth and Eighth Amendments. On April 21, 2008, Defendants Mukasey, Lappin and Wiley filed a Partial Motion to Dismiss under Fed R. Civ. P. 12(b)(1) and (6) **(#23)**.

On September 11, 2008, Mr. Mohammed filed a Motion for Leave to file an amended complaint **(#52)**, to which Defendants Mukasey, Lappin and Wiley responded with no objection **(#63)**. The Motion for Leave was referred to the Magistrate Judge, who on October 28, 2008, recommended that it be denied **(#67)**. Mr. Mohammed filed a timely Objection **(#68)** to the Recommendation, to which the Defendants responded **(#69)** requesting an order consistent with the Magistrate Judge's Recommendation.

## II. Mr. Mohammed's *Pro Se* Status

In considering Mr. Mohammed's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Mohammed's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Mohammed of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

## III. Recommendation on Motion for Leave

The Magistrate Judge recommends denying Mr. Mohammed's Motion for Leave because his proposed Amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure in that it is prolix and tedious. Specifically, the Magistrate

Judge found that the proposed Amended Complaint contains twenty-seven handwritten, single-spaced pages of background to the claims, including numerous conclusory allegations and none specifying which Defendant participated in each alleged act. Furthermore, the Magistrate Judge found that because each of the proposed seven claims for relief incorporates by reference all preceding pages, the Court and the Defendants would be forced to examine the entirety of the pleading to determine which facts apply to which claims and which claims apply to which Defendants.

In his Objection, Mr. Mohammed argues that he needs more words to explain his position because English is not his native language, and that his need to amend his complaint arises in part from the need for more supportive facts.

## A. Standard of Review

Within ten days after being served with a copy, any party may serve and file specific written objections to a magistrate judge's recommendations. The district court shall make a *de novo* determination of those portions of the recommendations to which a proper objection is made. The district court may then accept, reject, or modify the recommendations. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b).

To preserve an issue for *de novo* review by the district court, a party's objections to the magistrate judge's report and recommendation must be both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## B. Analysis

Because Mr. Mohammed has provided timely and specific objections to the Magistrate Judge's Recommendation, this Court reviews his Motion for Leave *de novo*.

A party may amend its pleading once as a matter of course before being served with a

responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). A complaint must contain a short and plain statement of the grounds for jurisdiction, a short and plain statement of the claim showing an entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). The statement of the claim should be short because unnecessary prolixity places an unjustified burden on the court and the responding party to discern the relevant material from a mass of verbiage. *See Williams v. City of Colorado Springs*, 176 F.3d 490, 490 (10th Cir. 1999)(citing *Salahuddin v. Cuomo*, 861 F.2d 40, 41 (2d. Cir. 1988)).

Because Defendants have not yet served a responsive pleading, Mr. Mohammed is entitled to amend his complaint as a matter of course.[2] The Magistrate Judge is correct that Mr. Mohammed's *pro se* status does not excuse him from compliance with Rule 8. However, it is significant that Defendants did not initially oppose the Motion for Leave and explicitly stated in their Response **(#63)** that "[t]he form of the proposed Amended Complaint appears to comply with Fed. R. Civ. P. 8(a)."

Upon reviewing the proposed Amended Complaint, this Court disagrees with its characterization by the Magistrate Judge as prolix. Admittedly, it is long and hand written. But it is composed of numbered paragraphs (most containing a single complete sentence) that proceed in logical sequence. Despite occasional grammatical errors, the statements are easily understandable. The Amended Complaint is responsive to many of the challenges raised in the Defendants' Motion to Dismiss **(#23)**. It contains general factual allegations followed by specifically stated claims for relief.

---

[2]Defendants' Partial Motion to Dismiss **(#23)** is not a responsive pleading. *See Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985)(citation omitted).

Summarized, Mr. Mohammed alleges that he is serving a life sentence in the custody of the Bureau of Prisons for crimes committed in relation to the bombing of the American Embassy in Dares-Salaam, Tanzania in 1998. He is a Tanzanian native, does not speak English and his only relatives are located outside the U.S. He was initially confined in the 10 South Unit of the MCC in New York. Since 1999, without any notice or explanation, the BOP has imposed Special Administrative Measures (SAMs) that restrict and delay his mail, limit his contact with relatives, friends and lawyers, preclude religious observance with others, restrict his ability to receive news and outside information by television and print sources, restrict his ability to use the commissary, and separate him from the remainder of the inmate population. In 2000, Mr. Mohammed was transferred to ADX, where he has been consistently confined in the most restrictive unit, known as the SSU. He has had no incident reports for more than 4 years, but there has been no review of his confinement in the SSU.

Conditions in the SSU are even more restrictive than those initially imposed. He complains that his solitary confinement is characterized by unnecessary isolation, intermittent and irregular ability to use showers and to recreate, purposeful noise by guards that prevents sleep and religious practice. He contends that he is Muslim, but is denied a Halaal diet. He is denied access to religious services, instruction, study and religious programming by closed circuit TV. He contends that he has never been advised of the reason why he has been so restrictively confined, given a hearing or opportunity to address justifications for such confinement, or an opportunity to change it. He contends that these conditions of confinement are unjustified and appear to be permanent.

Mr. Mohammed clearly states several constitutional claims. He contends that his transfer to ADX violated Fifth Amendment procedural due process rights. He contends that restrictions

on correspondence and contact with family violate First Amendment rights. He contends that he has been deprived of his First Amendment right to practice his religion. He contends that he has been denied equal protection because he is Muslim, and that the combination of restrictions without justification and redress constitute cruel and unusual punishment in violation of the Eighth Amendment. As relief, Mr. Mohammed seeks a declaration that the restrictions are unconstitutional and imposed in violation of his constitutional rights, and a permanent injunction preventing further deprivation of his rights as set forth in his claims.

Even without the liberal construction owed to Mr. Mohammed's *pro se* pleadings, this Court finds that Mr. Mohammed's Amended Complaint complies with Rule 8. The Court rejects the Recommendation of the Magistrate Judge and grants his Motion for Leave to file his Amended Complaint **(#52)**.

### III. Partial Motion to Dismiss

Defendants Mukasey, Lappin, and Wiley, moved to dismiss Claims One, Three (partially), Four and Five of Mr. Mohammed's original complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure **(#23)**. As a result of this Court's decision to accept Mr. Mohammed's Amended Complaint, Defendant Watts has been added to this action,[3] the claims for relief have been altered, and new facts have been alleged by Mr. Mohammed to support his claims for relief. Because the Amended Complaint supercedes the original Complaint to which Defendants' Partial Motion to Dismiss was directed, such motion is denied, as moot.

---

[3]And the FBI has been substituted as a defendant in place of an unknown agent of the FBI, as named in Mr. Mohammed's original complaint.

**IT IS THEREFORE ORDERED** that the Recommendation **(#67) is REJECTED.** Mr. Mohammed's Motion for Leave **(#52)** is **GRANTED.** The Amended Complaint **(#52-1)** supercedes the original **(#3)**. Mr. Mohammed shall effect service of a Summons and the Amended Complaint on Defendant Watts and Defendant FBI pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Defendants shall respond according the time prescribed in the applicable rule.

Defendants' Partial Motion to Dismiss **(#23)** is **DENIED**, as moot.

Dated this 2nd day of March, 2009

BY THE COURT:

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge