IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

Plaintiff,

v.

MICHAEL MUKASEY, The U.S. Attorney Gen.,
HARLEY LAPPIN, Director of BOP,
HARRELL WATTS, Administr. Of National Inmate Appeals,
RONALD WILEY, ADX Warden, and
FEDERAL BUREAU OF INVESTIGATION, "FBI",

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Plaintiff's Motion in Requesting Extension of Time and Permition to Allow Him to Resubmit Unresponded Discovery Requests to Defendants** [Doc. #155, filed 07/9/2009] (the "Motion to Extend"); and

(2) **Plaintiff's Motion for Copy of Deposition Taken From Him By the Defendants** [Doc. # 158, filed 7/15/2009] (the "Motion for Deposition Copy").

I held a hearing on these motions this afternoon and made rulings on the record, which are incorporated here.

The plaintiff seeks an order amending the case schedule and reopening discovery to allow him to serve eight additional production requests and 10 additional interrogatories. He has not specified in the Motion to Extend the particular documents he seeks or the specific interrogatories he would propound.

The discovery cut-off was March 21, 2009.[1]  The basis for the Motion to Extend is that the plaintiff was dissatisfied with the defendants' discovery responses, requiring that he file a motion to compel [Doc. # 118].  The district judge did not enter a ruling finally determining the motion to compel until July 2, 2009.  See *Courtroom Minutes* [Doc. # 153].  At that time, the district judge granted the plaintiff's motion to compel in one limited area and required the defendants, "if they have not done so already," to "provide the Plaintiff with any document which states reasons why correspondence from others has been withheld from plaintiff between 2006 and the present."  Id. at p.2.  There were no additional documents.  *Defendants' Response to Plaintiff's Motion to Allow Him to Submit Additional Discovery* [Doc. # 161] at ¶3 (noting that "Defendants then notified Plaintiff by letter dated July 6, 2009 that they did not have additional responsive documents"].  Consequently, notwithstanding the delay in the determination of the plaintiff's motion to compel, the plaintiff did not receive any additional information or materials as a result of that motion.

A case schedule may be amended only upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  The Advisory Committee Notes to Rule 16 provide the following guidance about the meaning of "good cause":

> [T]he court may modify the schedule on a showing of good cause
> if it cannot reasonably be met despite the diligence of the party
> seeking the extension.

Advis. Comm. Notes for 1983 Amend.  The good cause standard has been further clarified in Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D. S.C. 1997):

---

[1] Some additional discovery was allowed through August 4, 2009, but that discovery was limited to ten interrogatories "directed to the opinions, qualifications, and methodologies of" the defendants' expert witnesses.  See Order [Doc. # 133, filed 4/14/2009].

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)  Accord In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996)(holding that "simple inadvertence or mistake of counsel or ignorance of the rules does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance with the time specified' is normally required").

The plaintiff has failed to show good cause to extend the schedule.  He admitted during the hearing on the Motion to Extend that he was aware of the relevance of the matters to which the additional discovery would be directed prior to the discovery cut-off of March 21, 2009, but he decided not to serve the discovery prior to that deadline.  Thus, in the exercise of reasonable diligence, the plaintiff could have conducted this discovery within the existing discovery period.

The Motion for Deposition Copy is a request for an order that the defendants purchase for the plaintiff a copy of the plaintiff's deposition taken in this case.  The law imposes no such requirement.  Nor does the plaintiff's *in forma pauperis* status entitle him to a free transcript of his deposition.  See generally Tabron v. Grace, 6 F.3d 147, 158 (3rd Cir. 1993)(holding that there is no authority for a district court, under 28 U.S.C. § 1915 or any other statute, to order the government to pay for deposition transcripts for an indigent litigant); McCloy v. Correction Medical Services, 2008 WL 5351014 (E.D. Mich. Dec. 18, 2008)(stating the § 1915 "does not provide that the court may require defendants to pay plaintiff's discovery costs" and that "[s]uch costs of litigation are to be borne by an indigent party"); Allen v. McAdory, 2007 WL 2028788

(S.D. Ill. July 12, 2007)(declining to require the defendants to give the indigent plaintiff a copy of his deposition and stating that the plaintiff "has no right to have his litigation funded by the defendants or by the public"); Windsor v. Martindale, 175 F.R.D. 665, 670 (D. Colo. 1997)(stating that "[b]eing allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage" in connection with discovery); Tajeddini v. Gluch, 942 F. Supp. 772, 782 (D. Conn. 1996)(holding that "*[i]n forma pauperis* status does not require the Government to advance funds to pay for deposition expenses").

     IT IS ORDERED that the Motion to Extend is DENIED.

     IT IS FURTHER ORDERED that the Motion for Deposition Copy is DENIED.

     Dated August 13, 2009.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge