IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

      Plaintiff,

v.

ERIC HOLDER, The U.S. Attorney,
HARLEY LAPPIN, Director of B.O.P.,
RON WILEY, ADX Warden, and
HARRELL WATTS, Administrator of National Inmate Appeals, and
FEDERAL BUREAU OF INVESTIGATION,

      Defendants.

---

**ORDER SETTING FINAL PRETRIAL CONFERENCE**

---

This Order sets deadlines, imposes requirements that supplement the Scheduling Order and imposes trial preparation requirements.

**A**.  **Applicable Rules**

This proceeding is subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of Practice for the United States District Court for the District of Colorado and the MSK Civ. Practice Standards.  A copy of the Practice Standards is available from the Clerk's office or can be downloaded from the Court's website at

http://www.cod.uscourts.gov/Home.aspx under Judicial Officers' Procedures.   Parties who are not represented by counsel (*pro se)* are responsible for knowledge of and compliance with all applicable rules and provisions of this Order.  References in this Order to "counsel" apply to parties appearing *pro se*.

If a party to this case is incarcerated, it is the responsibility of that party to provide a copy of this Order and all other orders issued in this case to his or her Case Manager.  For purposes of attending a scheduled hearing by telephone, the Case Manager should contact the Courtroom Deputy Clerk, Patricia Glover at (303)335-2185 at least two business days prior to the hearing to make the necessary arrangements for the inmate to participate.

**B.  Final Pretrial Conference and Trial Setting**

A Final Pretrial Conference will be conducted in Courtroom A901, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado at **9:00 a.m.** on **February 22, 2012.**  The Court will set a date for trial at the conclusion of the Final Pretrial Conference. It is the Court's intention that the trial date will be as soon as 30 days after the Final Pretrial Conference, or as quickly thereafter as the Court's calendar makes possible.  The parties should be prepared to advise the Court as to the minimum number of days needed for trial.

Trial counsel shall appear at the Final Pretrial Conference and shall be prepared to address their own availability and the availability of necessary witnesses.  If two or more counsel represent one party, please be prepared to proceed with one counsel if the other has a conflict, or to explain why the available counsel cannot proceed alone.  **All parties to the action shall be physically present at the Final Pretrial Conference**; failure of a party to appear will result in a order that that party obtain a full, expedited transcript of the Conference at that party's expense. Where a party is an organization, the client representative who will appear at trial on behalf of that organization shall be present.

Jury trials usually begin on Monday afternoons at 1:00 p.m. and bench trials usually begin on Tuesday mornings at 9:00 a.m.  With approximately six hours available per trial day,

one week jury trials usually allow for 22 hours of in-court time, which includes presentation of evidence, opening and closing statements, and argument on evidentiary objections and trial motions.  (This calculation excludes time for jury selection, charging conference and initial and concluding instructions for the jury.) One week bench trials usually allow for 24 hours for presentation of all evidence, opening and closing statements, objections, and arguments.  Absent objections made at the Final Pre-Trial Conference, a chess clock will be used to divide trial time equally between Plaintiff(s) and Defendant(s).  Parties can use their time as they choose, and are free to restructure time between themselves.

Any problems in the trial setting or special needs for witness scheduling should be addressed at the Final Pretrial Conference. Designated witnesses should be available during the entire trial period.  Their unavailability may not constitute a basis for delay in or continuance of the trial.  Counsel should always have a sufficient number of witnesses available to testify such that recesses or early adjournments of the trial day will not be necessary. If witnesses are not available, lost time may be counted against the party whose case is being presented.

At the time fixed for trial, all parties shall be present and ready to proceed.  If any party is absent or unprepared to proceed, judgment may be entered forthwith in favor of the opposing party or the time of unavailability credited against the party's share of the trial time.  If both parties are absent or unprepared, the case may be dismissed, and costs, fees, or sanctions may be imposed against either or both parties and/or their counsel.

### C.  Proposed Final Pretrial Order

Counsel shall meet and confer sufficiently in advance of the Final Pretrial Conference to jointly prepare a Proposed Final Pretrial Order.  The parties shall file the Proposed Final Pretrial

Order, proposed jury instructions, and proposed voir dire questions at least **7 days before the conference**.

Except as follows, parties should use the format of Appendix G of this Court's Local Civil Rules for the Proposed Pretrial Order, available at the Court's website.  *See* http://www.cod.uscourts.gov/Home.aspx (Forms).

Please make the following modifications:

**<u>Section 3: Claims and Defenses</u>** – (Parties are encouraged to omit a narrative summary of the claims, defenses, facts, and legal theories.  If a party includes a narrative summary, such summary should not exceed one page in length.)

Separately enumerate <u>each</u> claim and <u>affirmative</u> defense (*i.e.* a defense on which the Defendant bears the burden of proof) to be tried.  For each claim and affirmative defense for which a party has the burden of proof, such party shall designate:

1) the party that has the burden of proof;

2) the standard of proof;

3) if the claim is governed by state law, the state whose law controls the claim; and

4) each element that must be proved.  For each element, state whether the necessary facts are stipulated.  If not, the party with the burden of proof shall, separately for each element, state the particular fact(s) it intends to prove to satisfy that element.  For each fact, list the witness or exhibit that will establish that fact.  An example is attached to this Order.  Any claims or affirmative defenses not specifically identified may be deemed waived.

**<u>Section 4:  Stipulations</u>**  **-** One of the purposes of a trial is to determine the facts upon

which the parties cannot agree.  However, it is not necessary to present evidence of facts which are not it dispute.  Indeed, it saves the parties time and expense and focuses the trial when parties identify relevant facts that are not disputed. [1] To assist the jury in understanding the opening statement and in considering the evidence, such stipulated facts will be included in a jury instruction given to the jury prior to opening statements.

Please be cognizant of the difference between disputing the <u>existence</u> of a fact and disputing the <u>significance</u> of that fact.  For example, a stipulation to the existence of fact (*e.g.* that the sun set at 7:00 p.m. on the day in question) does not prevent the party from arguing as to the significance of that fact (*e.g.* that there was or was not adequate daylight at 7:00 p.m.).

**Section 5: Pending motions** – In addition to the information required in Appendix G, identify all motions either party anticipates making prior to trial, including the specific relief to be requested.

**Section 6:  Witnesses** – In lieu of the designations required in Appendix G, the parties should attach a single, joint list of all witnesses.  The form is found at: http://www.cod.uscourts.gov/Home.aspx.  Please designate the total time needed for the testimony of each witness (or the time necessary to present deposition testimony).  It does not matter what type of examination will be used to elicit the testimony, nor who will call the witness.  The time calculation is **not** a limitation on the amount of time that a witness may be examined at trial; parties may allocate their allotted trial time as they see fit.  The estimated duration of testimony in the Witness List is used **solely** to ensure that the time set aside for trial is sufficient to receive the testimony of all expected witnesses.

---

[1]FED.R.CIV.P. 11(b)(4) provides guidance as to when a matter is in dispute.

**Section 7:  Exhibits** – Exhibits should be listed on a single, joint exhibit list using the form available at http://www.cod.uscourts.gov/Home.aspx.  Exhibits should be numbered without designation as Plaintiff's or Defendant's exhibits.  Parties may use the same exhibit numbers as used in pretrial discovery.  The provisions of subsection (b) of Appendix G regarding the filing of objections to exhibits are waived.  All objections are reserved for trial.

 Hard copies of the exhibits to be used at trial should be put in two notebooks (original for the witness; copy for the Court).  Please only put exhibits you are certain to admit in the notebooks; exhibits that you <u>might</u> use ( such as those anticipated for impeachment or rebuttal) can be added to the notebooks during the trial if they are admitted.  Exhibit notebooks shall be given to the Courtroom Deputy Clerk on the first day of trial.

### D.  Modification of Order

This Order **may not be modified by agreement of the parties**.  However, upon timely, written application, any party may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.  Extensions of time and continuances will <u>not</u> normally be granted for "press of other business" or for circumstances that could reasonably have been anticipated.

**Failure to comply with the provisions of this Order or the applicable procedural rules may result in imposition of sanctions including, but not limited to, vacation of the trial, barring the presentation of evidence, dismissal of claims or defenses, entry of default or awards of fees and costs in accordance with FED.R.CIV.P. 16 and 37.**

DATED this 29th day of November, 2011.

### BY THE COURT:

Marcia S. Krieger
United States District Judge