**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

    Plaintiff,

v.

ERIC HOLDER, the U.S. Attorney General,
HARLEY LAPPIN, Director of Federal Bureau of Prisons,
R. WILEY, ADX Warden,
HARRELL WATTS, Administrator of National Inmate Appeals, and
FEDERAL BUREAU OF INVESTIGATION,

    Defendants.

---

**SECOND PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of this Second Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

    1.    This Second Protective Order shall apply to all documents, materials and/or information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Second Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Plaintiff's use of all documents, materials and/or information described in paragraph 1 of this Second Protective Order shall be limited to this litigation, and shall not be

used for any purpose except the preparation and trial of this case.  The protections granted by this Second Protective Order shall not be waived.

4.       Plaintiff's attorney shall not disclose documents, materials and/or information provided by Defendants to anyone except the following:  (a) the Court; (b) the attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts or consultants specifically retained for this case by the parties or their attorneys; (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this matter; and (f) the Plaintiff.  Except as to the Court, the attorneys of record and the Plaintiff, Plaintiff's attorney may provide documents, materials and/or information to such persons only if they have signed an acknowledgment form in the form of attached Exhibit A.  Plaintiff's attorney shall require all persons permitted to have access to any disclosed records to sign Exhibit A indicating that they have read and agree to be bound by the terms of this Second Protective Order.  All persons provided access to the documents, materials and/or information pursuant to this paragraph shall not use them for any purpose other than this pending litigation as set forth in Exhibit A.

5.       In addition to the foregoing limitations restricting the use of all documents, materials and/or information described in paragraph 1 of this Second Protective Order, certain documents shall be marked "CONFIDENTIAL" pursuant to this Second Protective Order.  Either party may designate a document as "CONFIDENTIAL" in accordance with the terms of this Second Protective Order.  The burden of proving that a document, materials, and/or information is properly designated as "CONFIDENTIAL" is on the party seeking the designation.  Prior to making such a designation, the party claiming confidentiality must make a bona fide determination that the material is, in fact, confidential or sensitive information.

6. Documents, materials and/or information that have been marked "CONFIDENTIAL" may include, but are not limited to, correspondence generated by and received by Plaintiff and translations of such correspondence. If Defendants produce to Plaintiff a document that would otherwise be protected by the Privacy Act of 1974, this Second Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such production.

7. Documents, materials and/or information relating to Plaintiff shall be disclosed on PINK paper. Documents, materials and/or information produced on colored paper shall be reproduced in the color in which it was originally produced.

8. **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (14) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the**

**disputed information to be treated as CONFIDENTIAL.** ~~If a party's attorney disagrees with any documents or portions of a deposition transcript designated as "CONFIDENTIAL," the objecting party will first seek an informal resolution of the dispute with the designating party in writing. The written notice shall identify the information to which the objection is made. If the dispute cannot be informally resolved within ten (10) business days of submission of the issue, it shall be the obligation of the objecting party to seek review from the Court of the disputed designation by filing an appropriate motion with the Court. If any motion filed pursuant to this paragraph contains information derived from documents marked "CONFIDENTIAL" pursuant to this Second Protective Order, the motion shall be filed as a restricted document in accordance with the terms of D.C.COLOLCivR 7.2.D, and the opposing party shall have fourteen (14) days to file an appropriate motion to restrict access.~~

9. **Any request to restrict access to materials filed with the court must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~In an effort to avoid any inadvertent disclosure of sensitive information, documents that have been designated "CONFIDENTIAL" pursuant to this Second Protective Order, if attached to a public filing, will be filed as a restricted document in accordance with D.C.COLOLCivR 7.2.D. Additionally, Plaintiff's attorney shall submit as restricted any other filings, including without limitation substantive motions and briefs, if such filings contain information derived from documents produced under this Second Protective Order that have been designated "CONFIDENTIAL." In accordance with D.C.COLO.LCivR 7.2.D, either contemporaneously or within fourteen (14) days of the filing of the pleading or document, either party may file a motion to restrict access to the pleading or document.~~

10. Whenever a deposition references information marked "CONFIDENTIAL," the

deposition or portions thereof, including related exhibits, shall be designated as "CONFIDENTIAL." Such designation shall be made on the record during the deposition whenever possible, but a party may designate a deposition or portions thereof as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11.  Plaintiff's attorney shall not disclose documents, materials and/or information provided in connection with this litigation, or information contained therein, except as permitted by court order, as permitted by the terms of Exhibit A, or as consented to by Defendants' counsel.

12.  Within thirty (30) days after the final termination of this litigation, Plaintiff's attorneys shall either return to counsel for Defendants or destroy all documents, materials and/or information produced to Plaintiff's attorneys pursuant to this Second Protective Order.  Plaintiff's attorneys shall provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants affirming that any documents, materials and/or information produced to Plaintiff's attorneys pursuant to this Second Protective Order have been destroyed or returned to counsel for Defendants.  To effect disposal of electronically-stored information, Plaintiff's attorneys shall provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants that all electronic media containing artifacts of information subject to this Second Protective Order have been sanitized or destroyed such that the information is irretrievable.

13.  This Second Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does

not constitute any ruling on any potential objection to the discoverability, relevance or admissibility of any record, other than objections based on the Privacy Act.

14. This Second Protective Order does not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Second Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

15. This Second Protective Order supersedes the Protective Order entered by the Court on February 2, 2009.  *See* Doc. 83.

16. This Second Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated August 30, 2012.

                                             BY THE COURT:

                                             s/ Boyd N. Boland
                                             United States Magistrate Judge

**Attachment A**

**Acknowledgment Form for
Second Protective Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

      Plaintiff,

v.

ERIC HOLDER, the U.S. Attorney General,
HARLEY LAPPIN, Director of Federal Bureau of Prisons,
R. WILEY, ADX Warden,
HARRELL WATTS, Administrator of National Inmate Appeals, and
FEDERAL BUREAU OF INVESTIGATION,

      Defendants.

---

**ACKNOWLEDGMENT FORM FOR SECOND PROTECTIVE ORDER**

---

      I, _____, acknowledge that I have read and understand the Second Protective Order ("Order") in this action. I agree to be bound by its terms.

      1.    I will use documents, materials and/or information designated as subject to the Order only for purposes of this litigation and not for any other purpose. I will not disclose any such documents, materials and/or information except to the following: (a) the Court; (b) the attorneys of record; (c) persons regularly in the employ of such attorneys; (d) any experts or consultants specifically retained for this case by the parties or their attorneys; (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this matter; and (f) the Plaintiff.

      2.    At the termination of this litigation or when I am no longer assigned or retained to work on this case, I will return all documents subject to the Order to counsel for Defendants, or to counsel for Plaintiff. Counsel for Plaintiff will, within thirty (30) days after the final termination of this litigation, either return such documents to counsel for Defendants or destroy such documents. I (or Plaintiff's counsel) will provide, within sixty (60) days after the termination of this litigation, a written certification to counsel for Defendants affirming that any documents in my possession that contain information subject to the Order have been destroyed or returned to Defendants.

      3.    Within sixty (60) days after termination of this litigation, I (or Plaintiff's

counsel) will provide a written certification to counsel for Defendants affirming that all electronic media in my possession containing artifacts of information subject to the Order have been sanitized or destroyed such that the information is irretrievable.

      4.      My duties herein shall survive the termination of this case and are binding upon me for all time. I consent to the personal jurisdiction of the Court for the purpose of enforcing the aforementioned Order.

Dated: _____                _____
                                                            [signature]

                                                            _____
                                                            [print name]