IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02697-MSK-BNB

KHALFAN KHAMIS MOHAMMED,

Plaintiff,

v.

ERIC HOLDER, the U.S. Attorney General,
CHARLES E. SAMUELS, JR., Director of BOP,
DAVID BERKEBILE, ADX Warden, and
HARRELL WATTS, Administrator of National Inmate Appeals,
FEDERAL BUREAU OF INVESTIGATION,

Defendants.
_____

## AMENDED[1] RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiff's **Motion for Leave to File Amended Class Action Complaint** [Doc. # 275, filed 11/19/2-12] (the "Motion to Amend"). I respectfully RECOMMEND that the Motion to Amend be DENIED.

The plaintiff seeks leave to amend his complaint solely "to add First Amendment claims for a class of persons similarly situated to himself. That is, prisoners held under Special Administrative Measures, who are restricted to a finite list of individuals with whom they may communicate, and for whom the prison warden has determined that the communications should be permitted." Motion to Amend [Doc. # 275] at ¶5. "Plaintiff's Second Amended Complaint . .

---

[1]This Amended Recommendation supersedes and replaces the Recommendation [Doc. # 287] entered earlier today. The amendment is limited to the addition of the word "substantially" at page 4 as indicated.

. otherwise does not change the substantive allegations in his First Amended Complaint." Id. at ¶6.[2]

The defendants resist the Motion to Amend arguing that it (1) is brought after undue delay, (2) would result in undue prejudice to the defendants, and (3) is futile.

Rule 15, Fed. R. Civ. P., governs the amendment of pleadings and provides that leave to amend should be freely given when justice so requires. The well-known explanation of this standard is found in Foman v. Davis, 371 U.S. 178, 182 (1962), where the Supreme Court stated:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

The defendants first argue that the request to amend is brought "after an unreasonable delay of nearly five years." Defendants' Response [Doc. # 281]. Here, the plaintiff proceeded pro se from the filing of the case in December 2007 until counsel entered its appearance on January 18, 2012, or for more than four years, and he could not have asserted a class claim.[3] Nonetheless, although this substantial delay in seeking to bring a class action is not directly the

---

[2] Importantly, the Motion to Amend does not at this time seek class certification. See id. at p. 4 (stating that "the filing of a class actions complaint should be promptly followed by a motion seeking class certification"); Defendants' Response [Doc. # 281] at p. 5 n.2 (indicating that "[t]here is no pending motion to certify this putative class" and that "the Government would oppose Plaintiff's motion for class certification because the putative class could not meet the prerequisites for class certification under Fed. R. Civ. P. 23(a) or the requirements for certification under Fed. R. Civ. P. 23(b)(2)").

[3] A pro se plaintiff may not assert a claim on behalf of a class. D.C.COLO.LCivR 11.1A (stating that "[o]nly pro se individual parties and members of this court's bar may appear or sign pleadings, motions, or other papers").

fault of the plaintiff in view of his pro se status, the case had been pending for nearly five years before the Motion to Amend was made.

The defendants also argue that, in view of this long delay, amendment to allow a class action claim would result in undue prejudice because (1) "[t]he litigants' efforts in this case so far would have to [be] replicated for all of the inmates in the putative class," Defendants' Response [Doc. # 281] at p. 8; (2) the Government has committed years of work and significant resources to defending Plaintiff's particular claims," id. at p. 9; (3) "[p]laintiff's proposal to vastly expand the scope of this litigation to encompass potentially *all* inmates who are subject to SAMs would require a massive expansion of the scope of discovery," require the government to "identify additional witnesses with specific knowledge of *each* inmate in the putative class and the security risks they pose," id. at p. 10, and "require a massive commitment of governmental national security, counterespionage, law enforcement and penological resources," id. at p. 11; and (4) the proposed amendment would sweep into this case claims by other SAMs inmates who already "have mounted their own challenges to their SAMs without the need of representation by Plaintiff or his attorney." Id. at p. 11.

Prejudice is the "most important [] factor in deciding a motion to amend the pleadings." Minter v. Prime Equipment Co., 451 F.3d 1196, 1207 (10th Cir. 2006). "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." Id. at 1207-08. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." Id. at 1208 (internal quotations

3

and citations omitted).

In this case, I conclude that the defendants would be unduly prejudiced if the plaintiff's proposed amendment is allowed. At this point the case has been pending for more than six years. Allowing amendment to assert a class claim would add to the action the claims of approximately 43 additional class members. Motion to Amend [Doc. # 275] at p. 4. Although the plaintiff asserts that these are "nearly identical cases," id., I am persuaded by the defendants' argument that "[t]he proposed new allegations do not allege that the Attorney General had the same or even similar reasons for imposing SAMs on each inmate who would be part of Plaintiff's proposed class. Indeed, Plaintiff could not possibly allege this, since the SAMs each require an individualized determination." Defendants' Response [Doc. # 281] at p. 5. Thus, although the class claim may relate generally to the imposition of SAMs restrictions on federal inmates, each putative class member's claim will involve discrete questions of fact unrelated to the particulars of every other class member. See Caton v. Barry, 500 F. Supp. 45, 54 (D.D.C. 1980). As the court noted in Caton:

> Indeed, by the proposed joinder and amendment, plaintiffs seek to expand the scope of this proceeding to a plenary review of all aspects of the . . . program. Even if it were appropriate, such review would entail substantial delay and new factfinding.

Id.

Discovery of the plaintiff's individual claim is **substantially** complete, and the matter is poised for the filing of dispositive motions and, if appropriate, a trial setting. To allow the requested amendment would greatly expand the issues presented under the existing complaint to include the SAMs restrictions imposed on approximately 43 additional prisoners; require substantial additional discovery and new expert reports; and result in further delay in this already

protracted case.  These additional procedures, coming after more than six years of litigation of the plaintiff's individual claim, will result in undue burden on the defendants.  See, e.g., Ross v. Houston Independent School Dist., 699 F.2d 218, 229 (5th Cir. 1983)(affirming order denying leave to amend because "[t]he motion was not only belated" but amendment "would add new and complex issues to a case already protracted and complicated, . . . require new discovery, additional hearings," "add twenty-six new parties," and delay the case by several years); Data Digests, Inc. v. Standard & Poors Corp., 57 F.R.D. 42, 45-46 (S.D.N.Y. 1972)(finding undue prejudice and denying leave to amend in a six year old antitrust case where (1) discovery was complete and the case ready to be set for trial; (2) the amendment would add 17 new defendants and involve claims that "go far beyond the issues presented under the existing complaint"; and (3) substantial additional discovery would be required.

Finally, the defendants resist amendment arguing that the proposed amendment is futile because (1) the claim is not plausibly pleaded under Ashcroft v. Iqbal, 556 U.S. 662 (2009); and (2) "[w]ithout going into all the defects in class certification . . ., the allegations fail to show the requisite uniformity among the members fo the putative class."  Defendants' Response [Doc. # 281] at p. 18.  I decline to address the defendants' futility arguments.  With respect to the sufficiency of the pleading, the issue is not adequately briefed.  In particular, the plaintiff has not addressed the Iqbal argument at all.  Moreover, I agree with the reasoning of the court in General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423 at *4 (D. Colo. June 20, 2008), that the futility argument "seems to place the cart before the horse.  Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."  Similarly, it is

premature to consider whether a class can be certified here because no such motion has been filed and the matter has not been adequately developed in the briefing.

I find that the defendants would suffer undue prejudice if the plaintiff were allowed to amend the complaint at this stage of the proceedings to assert a class action claim. Consequently,

I respectfully RECOMMEND that the Motion to Amend [Doc. # 275] be DENIED.[4]

Dated July 16, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[4] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).