**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 07-cv-02697-MSK-BNB

**KHALFAN KHAMIS MOHAMMED,**

    Plaintiff,
v.

**ERIC HOLDER, The U.S. Attorney,
HARLEY LAPPIN, Director of B.O.P.,
RON WILEY, ADX Warden, and
HARRELL WATTS, Administrator of National Inmate Appeals, and
FEDERAL BUREAU OF INVESTIGATION,**

    Defendants.
_____

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, DENYING MOTION TO AMEND, AND DENYING MOTION
*IN LIMINE***
_____

**THIS MATTER** comes before the Court pursuant to Mr. Mohammed's Objections **(#89)**, and the Defendants' Objections **(# 290)** to the July 16, 2013 Recommendation **(# 287,** as amended **# 288)** of the Magistrate Judge that Mr. Mohammed's Motion to Amend **(# 275)** be denied, the Defendants' response **(# 291)** to Mr. Mohammed's Objections, and Mr. Mohammed's reply **(# 292)**.  Also pending is Mr. Mohammed's Motion *in Limine* **(# 267)**, the Defendants' response **(# 272)**, and Mr. Mohammed's reply **(# 274)**.

The Court assumes familiarity with the claims and underlying proceedings in this case.  It is sufficient to observe that Mr. Mohammed is an inmate in the custody of the Federal Bureau of Prisons, and is subject to "Special Administrative Measures" ("SAMs") that restrict, in various

1

ways, his communications with fellow inmates, visitors, and his family; limits his access to commissary items, and imposes other limitations. The SAMs are predicated upon Mr. Mohammed's past involvement with terrorist groups, the circumstances of his offenses of conviction (the bombing of the American Embassy in Tanzania in 1998), his participation in an assault on a prison guard in 2000, and various other factors. As a result of dispositive motions, a single claim by Mr. Mohammed is proceeding to trial: a *Bivens* claim that the SAMs impermissibly burden his First Amendment right to free speech.

### A. Motion to Amend

On November 19, 2012, Mr. Mohammed moved **(# 275)** to amend his Complaint to indicate that he was asserting his First Amendment claim not simply on his own behalf, but on behalf of "a class of . . . prisoners held under Special Administrative Measures." Specifically, he identifies the potential class as "all prisoners who are now, or will in the future be restricted in their communications to a specific list of individuals, and for whom the prison warden has recommended less restrictions on the prisoner's ability to communicate than are permitted by [the SAMs]." Mr. Mohammed indicates that he believes that there are 43 inmates that meet this definition, 27 of whom are housed in the same facility as Mr. Mohammed is.

The Court referred Mr. Mohammed's motion to the Magistrate Judge for a recommendation. On July 16, 2013, the Magistrate Judge issued an Amended Recommendation (**# 288**)[1] that the motion to amend by denied. The Magistrate Judge found that the requested amendment was the product of undue delay, in that the matter has been pending for more than

---

[1]   The original Recommendation represented that discovery was "complete." The Magistrate Judge *sua sponte* issued the Amended Recommendation, clarifying that discovery was "substantially complete." The Amended Recommendation stated that it superseded the original Recommendation.

five years (although Mr. Mohammed has only been represented by counsel – and thus able to assert class claims – for one of those years) and that permitting amendment at this point would result in undue prejudice to the Defendants, in that the class allegations would require extensive discovery and would interject numerous issues of individualized fact into the action. The Magistrate Judge refused to address the Defendants' argument that the proposed amendment was also futile (insofar as it was insufficiently pled and failed to show facts sufficient to permit the maintenance of a class action).

Both sides filed timely Objections to the Recommendation. Mr. Mohammed's Objections **(# 289)** argue that: (i) any delay in requesting amendment was the result of Mr. Mohammed not being appointed counsel and delays in the Defendants' production of discovery materials; and (ii) that no undue prejudice would result because "the adjudication of multiple claims in a class action . . . is more efficient than litigating individual claims" by each of the class members. The Defendants' Objections **(# 290)** are limited to objecting to the Magistrate Judge's offhand observation that attempting to assess the sufficiency of pleading, in the guise of opposition to a motion to amend based on "futility" of the amendment, may be an unwise practice. The Defendants point out that the Court has discretion to conduct such an analysis.

Pursuant to Fed. R. Civ. P. 72(b), the Court reviews the objected-to portions of the Recommendation *de novo*. Upon such *de novo* review, the Court agrees entirely with both the findings and reasoning of the Magistrate Judge. Regardless of Mr. Mohammed's culpability therefor, the fact remains that this case is quite aged and is ready (or very nearly so) for trial. Thus, it would be inappropriate at this late stage to interject new claims and issues that would further delay final resolution of Mr. Mohammed's claims. Moreover, the Court agrees with the

Magistrate Judge that allowing new class allegations at this time would unduly prejudice the Defendants, insofar as such claims will necessarily require individualized inquiry into the circumstances of the justifications for each imposition of SAMs on a class member. Mr. Mohammed's argument that such inquiry would nevertheless occur, albeit in individual suits by each inmate, assumes something – that each SAMs-affected inmate intends to bring their own First Amendment claim – for which there is currently no indication. The Court also agrees with the Magistrate Judge's reluctance to address what are essentially Rule 12(b)(6) arguments in the guise of considering the "futility" of a proposed amendment. Although the Defendants are correct that the courts have discretion to conduct such an analysis at the time of a Rule 15 motion, there is no requirement that the court do so. (Indeed, it may be a more sound and efficient practice in some cases for the court to grant leave to amend, despite arguments as to the futility of the amendment, and defer any Rule 12(b)(6) analysis until such a fully-developed motion is directed at the newly-amended pleading.)

Accordingly, the Court overrules both sides' Objections, adopts the Amended Recommendation, and denies Mr. Mohammed's motion to amend.

**B. Motion *In Limine***

Mr. Mohammed moves **(# 267)** to preclude the introduction at trial of any evidence relating to: (i) the facts and proceedings in his underlying criminal case, *U.S. v. Bin Laden*, 156 F.Supp.2d 359 (S.D.N.Y. 2001); and (ii) any facts relating to Mr. Mohammed's involvement in the assault on a prison guard in 2000. He contends that such evidence has already been found by the Court to be irrelevant and that its introduction would be unduly prejudicial under Fed. R. Evid. 403 and 404.

The Court declines to address the substantive contentions of the motion. Motions *in limine*, particularly those that are premised upon Rules 403 and 404, are not particularly amenable to pre-trial determination. Assessing the probative value and prejudicial effect of a particular category of evidence in the abstract, divorced from the particular factual context it which it is presented in a trial, is especially difficult. What may seem irrelevant in the abstract may become relevant due to a surprise assertion made in testimony or an unexpected argument made by counsel, and what might seem relevant in the abstract might be rendered irrelevant or needlessly cumulative by admission of testimony or exhibits that sufficiently establish the fact at issue or by a refinement of the parties' positions that ameliorates the need for proof of that matter.

It is particularly unnecessary for the Court to attempt to make such determinations here, where the claims in the case are being tried to the Court, rather than a jury. In some circumstances, an *in limine* ruling prior to trial may ensure that the jury is not inadvertently exposed to irrelevant material that might prove inflammatory, but in a trial to the Court, there is no such risk. There is no reason (at least from a trial procedure perspective[2]) why Mr. Mohammed's requests can not be addressed more reliably at the time the evidence in question is raised during trial. Accordingly, Mr. Mohammed's motion is denied without prejudice.

The Court does comment, however, on Mr. Mohammed's observation in his motion that "the Court has already held that evidence about the underlying criminal case is irrelevant." Mr. Mohammed cites to a portion of the Court's summary judgment ruling **(# 167)** in which the

---

[2] Admittedly, if the Court were to conclude that certain evidence would be excluded at trial, this might facilitate the resolution of discovery disputes over such evidence. However, this Court does not intend to prematurely address the admissibility of trial evidence simply to attempt to resolve a discovery dispute.

Court noted an apparent dispute between the parties as to certain underlying facts about the criminal case, but concluded that "this Court need not resolve the discrepancy" in order to rule on the summary judgment motion.

This is by no means a finding that the evidence in question is "irrelevant," nor is it, as Mr. Mohammed asserts "law of the case."  Unless the Court specifically certifies facts as established under Fed. R. Civ. P. 56(g), the denial of a motion for summary judgment is nothing more than a determination that there are factual disputes that warrant a trial.  Such a decision is not "law of the case", but instead an interlocutory order that can be reconsidered at a later time. *Stewart v. Beach*, 701 F.3d 1322, 1329 (10th Cir. 2012); *see also Elephant Butte Irrigation Dist. v. U.S. Dept. of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008).  The Court's summary judgment ruling merely acknowledged that, for purposes of the analysis, the fact of Mr. Mohammed's conviction was sufficient proof of the general character of his criminal conduct, and that any disputes that Mr. Mohammed had with particular facts asserted by the Defendants about that conviction did not have to be resolved at that time.  The Court declines to say (indeed, for the reasons set forth above) whether those disputes will nevertheless require resolution at the time of trial.

Similarly, to the extent that Mr. Mohammed's contention that the Court "has already held that the circumstances of the [2000] assault . . . are irrelevant" is premised on a discovery ruling, it overstates the nature of the ruling.  Mr. Mohammed had made a request for production of "FBI interview notes, photographs, videotapes," etc. regarding the incident, and the Defendants had objected to it, arguing, among other things, that they had produced his BOP disciplinary file (which included some material regarding the incident) and that certain facts about the incident

had been the subject of judicial fact finding in a published case. The Court refused to compel the Defendants to produce the materials requested by Mr. Mohammed, noting that "to the extent the defendants rely upon the assault for [SAMs] imposed against the plaintiff, the contents of the plaintiff's disciplinary file are sufficient to establish the background and circumstances of that incident." Far from finding that the incident was "irrelevant" to the issue of the imposition of SAMs, the Court found that the incident might very well be relevant to the BOP's decision to impose the SAMs, but that the contents of the BOP's disciplinary file provided Mr. Mohammed with sufficient evidence regarding the circumstances of that incident to permit him to address that contention.

Accordingly, Mr. Mohammed's motion *in limine* is denied without prejudice.

### C. Expediting of remaining matters in this case

The Court notes again that this case is particularly old and is nearly (if not completely) trial-ready. Dispositive motions have been filed and adjudicated, although the record appears to reflect that there remain certain discovery mattes that require resolution. It is the Court's intention that all further proceedings in this case, before the Magistrate Judge or this Court, be expedited as much as possible to facilitate advancing the matter to trial as soon as practicable. With that goal in mind, the Court intends the parties to immediately begin preparation of a proposed Pretrial Order, *see Docket* # 41, and to jointly contact chambers to schedule a Pretrial Conference, notwithstanding any outstanding discovery issues in this case. The Magistrate Judge shall endeavor to resolve any remaining discovery issues as quickly as circumstances permit.

For the foregoing reasons, both sides' Objections **(# 289, 290)** are **OVERRULED**, and the Court **ADOPTS** the July 16, 2013 Recommendation **(# 287,** as amended **# 288)**. Mr. Mohammed's Motion to Amend **(# 275)** is **DENIED**. Mr. Mohammed's Motion *in Limine* **(#267)** is **DENIED** without prejudice to Mr. Mohammed raising objections to the evidence at the time of trial.

Dated this 12th day of September, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge