**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 07-cv-02697-MSK-BNB

**KHALFAN KHAMIS MOHAMMED,**

      Plaintiff,

v.

**ERIC HOLDER, The U.S. Attorney,
HARLEY LAPPIN, Director of B.O.P.,
RON WILEY, ADX Warden, and
HARRELL WATTS, Administrator of National Inmate Appeals, and
FEDERAL BUREAU OF INVESTIGATION,**

      Defendants.
_____

**ORDER DENYING MOTION FOR DISCOVERY AND CONCLUDING CASE**
_____

      **THIS MATTER** comes before the Court pursuant to Mr. Mohammed's Motion for Discovery **(# 419)**. Although the Defendants have yet to file a response, the Court is confident that it has a full understanding of the issue and finds it appropriate to rule at this time pursuant to D.C. Colo. L. Civ. R. 7.1(C).

      The Court assumes the reader's familiarity with the proceedings to date. Mr. Mohammed currently seeks discovery of the "administrative record" compiled by the Defendants incident to his November 2014 SAMs renewal, as well as reasons why certain of his requested contacts were not approved. Mr. Mohammed notes that "[t]he Court retained jurisdiction over the matter" in its June 17, 2014 Findings of Fact, Conclusions of Law, and Order **(# 396)**, "at least insofar as the 32 contacts mentioned in the Order."

It was never this Court's intention to retain jurisdiction over any continuing disputes between the parties. The Court's June 2014 decision made certain findings about the SAMs that Mr. Mohammed was then subject-to (including observations that certain of Mr. Mohammed's requests to add 32 contacts to his list of permitted correspondents may have still been extant before the FBI). The Court remanded the matter to the FBI "for further consideration and resolution **within the current cycle of SAMs review**." Docket # 396 at 44 (emphasis added). The Court "reserved jurisdiction over this matter" to address, if necessary "the status of issues on remand." *Id.* at 43. Based on the trial evidence showing that much of the FBI's rationale for its decisions was based on information that had long been known to the agency (or which had ostensibly been previously investigated by it), it was expected and intended by the Court that many of the issues addressed by the Court and remanded to the FBI could be resolved expeditiously and with a minimum of additional investigation or factual development. Thus, the Court believed that the remand could have been completed, in whole or in substantial part, "within the current cycle of SAMs review" – that is, during the 2013-2014 SAMs cycle that was then underway and prior to the next SAMs review cycle that would begin in November 2014 – and its reservation of jurisdiction over the matter was intended to be similarly limited.

It is not clear whether the FBI made any particular determination within that time frame, but it does appear that, in November 2014, a new SAMs cycle began. Mr. Mohammed's motion argues that the SAMs imposed in this new cycle continue to be constitutionally-deficient, particularly as to two matters that the Court previously addressed – specifically, the inability of Mr. Mohammed to have telephone/in-person contact with his brother Nassor, and the denial of his request to add some 32 additional mail correspondents. However, Mr. Mohammed's own motion reveals that, putting aside the timing, the FBI has indeed complied with the strict terms of

2

the Court's remand: it has apparently reconsidered its rationale as to whether Mr. Mohammed may have telephone and personal contact with Nassor[1]; and it has adjudicated, at least in significant part, Mr. Mohammed's request to add some 32 individuals[2] to his list of permitted mail contacts, insofar as the FBI appears to have granted approximately 20 of those requests (and perhaps denied, implicitly or explicitly, the remainder). Thus, it appears that the remand ordered by this Court has been completed and, along with it, the grounds for this Court's reservation of jurisdiction. When retaining jurisdiction over this matter, it was not this Court's intention to invite further argument and litigation over the decisions that the FBI ultimately made on the matters subject to remand – decisions that, by definition, were not before this Court at the time of

---

[1]     Mr. Mohammed states that even he is not entirely sure what that decision is. Nassor does not appear on the list of permitted telephone contacts in the formal recitation of Mr. Mohammed's November 2014 SAMs, but Mr. Mohammed states that he has been notified by the BOP that he may telephone Nassor and that he was actually permitted to attempt to do so on one recent occasion.

It may be that Mr. Mohammed simply misunderstands the USDOJ's November 2014 SAMs notice. That notice does contain an addendum reading "Chart A- Contacts Approved for Telephone Contact," and that chart does not specifically include Nassor. Notably, however, that chart also does not list any of Mr. Mohammed's immediate family members whom he has been routinely permitted to call, such as his mother, his sisters, his brother Rubeya, etc. Indeed, all of the persons listed on Chart A fall outside the FBI and BOP's definition of "immediate family members," indicating that Chart A is a supplement to Mr. Mohammed's ability to have contact with all of his immediate family members, presumably including Nassor. This would be consistent with Mr. Mohammed's understanding of an October 2014 BOP document attached to his motion, which sates that he may contact "immediate family members" and does not specifically exclude Nassor, apparently leading Mr. Mohammed to the belief that the October 2014 BOP document permits telephone contact with Nassor. This is also consistent with the fact that Mr. Mohammed was recently permitted to attempt to call Nassor.

Ultimately, however, the Court need not wade into this question. To the extent there is some uncertainty as to whether Mr. Mohammed can call Nassor, it is a simple matter for counsel for both sides in this action to confer in order to clarify whether such contact is permitted or prohibited.

[2]     Mr. Mohammed's motion notes that, for the 2014-2015 SAMs cycle, he "expanded" his request for additional contacts to encompass 41 names, rather than the 32 (or 36) that were previously before the Court. This Court has never intended to retain jurisdiction over disputes concerning new requests by Mr. Mohammed for modification of his SAMs.

trial. It was merely to ensure that <u>a</u> decision was promptly made on remand by the FBI. To the extent Mr. Mohammed believes that the SAMs imposed upon him as part of the 2014-2015 cycle continue to violate his constitutional rights, he is free to commence a <u>new</u> action that specifically addresses those <u>new</u> SAMs and his <u>new</u> concerns about them.

Accordingly, the Court **DENIES** Mr. Mohammed's Motion **(# 419)**. Further, to the extent that an express statement from this Court is necessary for appellate purposes,[3] this Court affirmatively indicates that it deems the FBI to have completed the tasks required by the Court's remand order (that is, to reconsider the matters discussed above and to make a new determination on the requests by Mr. Mohammed pending as of 2013-2014). The FBI having completed that task (the merits of which this Court does not opine upon), the Court's continuing reservation of jurisdiction over this matter has thus terminated. This brings this litigation to a final, conclusive end.

Dated this 3d day of February, 2014.

                                         **BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge

---

[3] This Court offers no opinion as to whether any Order it has issued (including this one) remains appealable at this time, nor what effect (if any) the parties' prior appellate proceedings would have on any new appeal. Such matters are properly the province of the Court of Appeals.